And at this time, we'll hear Sura v. Zimmer, Inc. Thank you. Good morning, Your Honors. Good morning. If it pleases the Court, my name is Kevin Surin. I'm the pro se plaintiff, and I want to thank each of you. The magnitude of this is great for a non-attorney, and I appreciate the time that you're putting here to hear my appeal today on why I feel that the Western District's decision granting summary judgment to the defendant should be reversed, and this remanded back to the lower court in the Western District in Rochester. Without getting too deep into the case, I decided to pursue a pro se case because of all the attorneys that I spoke to to take on this case really wanted the big class action case. They didn't want my case because of its complexity. But I felt with all the problems that I had, the significant pain that was caused by the defendant's product, that the best way for me to get this case was for me to argue it pro se. The defendant's summary judgment was granted on the basis that I did not find an expert witness in a timely manner. The product liability case is very difficult and very complex. I wanted to argue that the defendants had a defect in their product. I believe this to be true because I had extreme pain, knee failure for well over two years after having the defendant's prosthetic device implanted in my leg, and then multiple subsequent revision surgeries. This was ultimately repaired when the defendant's product was replaced with another manufacturer's prosthetic device. Since first filing this case, I did try multiple times to comply with the court's order to find a satisfactory expert that would help me win the case. Yes, I did ask for and was granted some extensions in this. And the reason for the extensions was because I could not find an expert witness that would take the case with the basic and limited information that I had. I contacted many doctors, attorneys, and engineering firms around the country so that I could use their name as an expert witness. In speaking with all of them, I was told that I just didn't have enough information for them so that they can decide if they wanted to be hired for this case. That means you were not able to get in discovery from the other side the information that an expert would have needed. I was giving multiple, multiple documents on a flash drive, but without deposing my witnesses and my doctors, none of the experts at the time would say, yes, I'll take this case without hearing that information. I just didn't have enough information. As you can see, and as I mentioned, this case is a very complex liability case, product liability case, and I could have just named any expert just to comply and change it at a later date, but I knew that was not the right thing to do. I have been told that lawyers do this frequently and then just get admonished for it. I'm not a lawyer, and all I wanted to do was comply in a reasonable manner, reasonable and respective manner. As you can see, I was basically put into a catch-22. Then during my research for this appeal, I found a case out of the Northern District of Illinois, which was Graybill v. Zimmer, where the defendant Zimmer filed a motion for summary judgment because the plaintiff did not provide expert witness identification or testimony for an alleged defective HIP device. The plaintiff argued that the treating physicians can be used as expert witnesses and that not every strict product liability case requires expert testimony. It was because of this testimony that the Northern District of Illinois decided that the defendant's motion for summary judgment should be denied. My case, other than being in the state of New York, is very similar to Graybill v. Zimmer. My surgeons are very experienced in knee replacements. On the onset of this case, I did provide to the defendants the names of all my surgeons. So in theory, and in similar to the Graybill case, I guess I did comply by providing the names of expert witnesses. In the defendant's brief, they mentioned that some of the cases that I noted in my brief were not acceptable because they did not solely deal with medical cases. But I must ask, isn't a product defect case just that, a product defect? A product defect is a product defect, no matter if it's a knee or a widget. To conclude, in good effort and in good faith, I did truly try to identify and hire proper expert witnesses. I feel that I'm getting locked out of the courts because I need to hire the correct witnesses. And the only way to do that is to provide the information from discovery. And all I am asking for is equal access to the courts. You can see from the quality and the time I put into my brief and appendix, and by coming here from my new state of residency, Colorado, that this case does mean a lot to me and does have its merits. And I ask that it be remanded back to the Western District. Again, all I'm asking for is that this court reverse the dismissal and be remanded back to the Western District Court. This would allow me to continue with discovery, get the proper information, and hire the correct and proper expert witnesses. If I lose this case on its merits, so be it. I fully understand that. But I need my day in court. And after doing a bit of discovery, I hope to get that. Again, I thank each and every one of you for taking the time to hear my position. And I hope that you will grant my request. Thank you. And I'm sorry for running a little over. That's quite all right. You're not the only one today. I'm sorry. May it please the Court, and good morning. My name is Eldon Hasek. I'm counsel for Zimmer. I handled the case in the trial court, Pro Act Vice, and I'm handling the appeal here. There are two issues here. The trial court decided both of them correctly. And we ask, therefore, that the decision be affirmed. Now, on the first issue, we conduct a choice of law analysis in our brief based on New York's interest analysis approach to choice of law. All the surgeries that plaintiff had and all of that occurred in New York. So New York substantive law applies. And New York requires all the elements of the claim to be met with expert testimony. In the trial court, there was no dispute that the plaintiff had not provided expert testimony or an expert disclosure of any kind. And on appeal, the only argument is that, which is raised for the first time on appeal, that merely identifying the names of his surgeons would suffice as an expert disclosure. We cite the Pugliese case in our brief, which explains that Rule 26, whether we're talking about retained experts or non-retained experts, requires the substance of the expert's opinion. So merely providing the name at the outset of a case in initial disclosure cannot suffice as the expert disclosure that would be required. And on the second issue of whether plaintiff should have been provided more time to pursue discovery, the plaintiff was provided by the district court six months to look for an attorney. We did not oppose that extension. The case was effectively stayed for six months. Then he had six and a half months under the Western District of New York's standard scheduling order. So he had six and a half months to look for an attorney, or I'm sorry, to disclose his expert and to work up the case. The plaintiff did not begin discovery or did not serve discovery on us until three days before that deadline would have expired. We complied with the discovery, answered it timely, and we'd also agreed to two extensions that totaled four months. Did you answer it, or did you produce documents in response to it? So effectively, the plaintiff had served interrogatories, and we provided written responses. We provided a protective order to be signed because by the nature of the case, there were technical documents. I know responding to interrogatories can often just be objections. Right, and what we'd also done is to some of the interrogatories, we responded under Rule 33D by saying we will, based on the question, we think it's easier to respond by providing you documents. Here's a protective order. And then once the protective order was signed, returned, filed with the court and all of that, we produced those documents. And so based on this record, and I should also add that when the last extension had expired, we waited, the summary judgment motion wasn't filed until a month later, and there was no indication that an expert disclosure would be forthcoming. And by the plaintiff's averment in his briefing, he had not retained an expert. He had merely consulted with them. So this was not a situation where the expert just needed one additional deposition or one additional document or something like that, and the expert report would have materialized. What plaintiff is effectively asking for is to start discovery from the beginning after a year, over a year in the case. So based on that record, and considering that it is an abuse of discretion standard, based on that record of multiple extensions, the trial court's decision cannot be said to be an abuse of discretion. We ask the court to affirm it. I yield the rest of my time to questions. Thank you. Thank you both. We will reserve decision. The case of Eddia versus Grandeur Management is taken on submission. That's the last case on calendar. Please adjourn court.